Hay, <Judge,
delivered the opinion of the court:
This case is here for decision by virtue of an act of Congress approved June 22, 1910, which act is set out in full in Finding I.
On March 16,1854, the United States entered into a treaty with the Omaha Tribe of Indians. By the first article of this treaty it is provided that the Omaha Indians cede to the United States all their lands west of the Missouri River and south of a line drawn due west from a point in the center of the main channel of that river due east of where the Ayoway River disembogues out of the bluffs to the western boundary of the Omaha country. The treaty further provides that if the country north of said due-west line should not prove a satisfactory and suitable location for the Omaha Indians the President may, with the consent of the Indians, set apart and assign to them within or outside of the ceded country a residence suited for and acceptable to them, which shall not be more in extent than 300,000 acres. Then in that case all of the country belonging to said Indians north of the due-west line shall be ceded to the United States, and the United States agreed to pay the same per acre for it as they agreed to pay for the land south of said line, after deducting from the land so ceded the number of acres set apart for said Indians.
From the evidence in this case it appears that the number of acres belonging to the Omaha Indians north of the due west line, and ceded by them to the United States, was 783,365; the number of acres set apart for them under the terms of the treaty south of the due-west line was 300,000, leaving 483,365 acres, for which the United States agreed to pay them the same price per acre as they agreed to pay for the land ceded south of said due-west line. The land ceded by the Omahas to the United States south of said line contained 4,500,000 acres, for which the United States agreed to pay the sum of $881,000, thus making the treaty price nineteen and six-tenths cents per acre.
*560 It does not appear, nor is it contended by the defendants, that they have ever paid anything to the Omaha Indians by virtue of this treaty. The contention of the defendants is that the Omaha Indians never owned any land north of the due-west line above referred to, and never had the right to cede the land to the defendants. At the time the treaty was made the United States recognized the Omahas as having title to this land north of the due-west line, and specifically promised to pay for it. Those making the treaty for the United States were well acquainted with the country; they knew what the Omahas claimed; they knew that their possession and occupation of this land was considered with reference to their habits and modes of life; that the Indians had a right to the exclusive enjoyment of it in their own way until they abandoned the land or ceded it to the Government; their right of occupancy was considered as firmly established — this the treaty makers on behalf of the Government recognized when this treaty was made, and the defendants can not now be heard to say that the Indians did not own the land when the treaty was made and had no right to make a cession of it.
The treaty provides that the United States shall pay to the Omaha Indians the sum of $41,000 to enable the Indians to remove and subsist themselves for one year in their new home, and for other purposes set forth in the fifth article of the treaty. The Government expended $23,453.21 in carrying out the provisions of the treaty; the balance of the $41,000 was placed in the hands of the Indian agents of the Government to be expended for the purposes set out in the treaty. It appears that these agents misappropriated the sum of $18,068.80, and that amount was never accounted for nor expended for the benefit of the Indians.. The Indians are entitled to this money.
The amounts found to be due the Indians in thé fifth, seventh, eighth, and ninth findings are supported by the evidence, and are allowed under the provisions of the treaty of March 16, 1854.
A judgment will therefore be entered for the sum of $122,295.31. It is so ordered.